IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ONTRAC LOGISTICS, INC., and LASERSHIP, INC., d/b/a ONTRAC FINAL MILE, <br><br> Plaintiffs, <br><br> v. <br><br> WINNIE LIN, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-25-00764-JD |

### ORDER

Before the Court is Plaintiffs' Rule 56(d) Motion to Stay Briefing on Defendant's Motion for Summary Judgment ("Motion"). [Doc. No. 70]. For the reasons outlined below, the Court grants the Motion.

Pursuant to Federal Rule of Civil Procedure 56(d), the Court may allow Plaintiffs additional time to respond to the Motion for Summary Judgment if Plaintiffs show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d), (d)(2). When requesting relief under Rule 56(d), the movant must "state with specificity how the additional material will rebut the summary judgment motion." *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (discussing the predecessor rule to current Rule 56(d)). In support of their Motion, Plaintiffs must, via an affidavit, "explain why facts precluding summary judgment cannot be presented." *Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). The affidavit should include (1) "the probable facts not

available", (2) the steps taken to obtain those facts, and (3) how additional time will help Plaintiffs rebut Defendant's assertion of the absence of a genuine issue of material fact. *Id.*

The Court concludes that Plaintiffs' Motion and supporting declaration satisfy these requirements. Plaintiffs have filed the Declaration of Annika Petty Storlie, counsel for Plaintiffs, stating that Plaintiffs lack discovery that would provide summary judgment evidence of facts essential to their case. [*See* Doc. No. 71].[1] First, Plaintiffs' declaration outlines the facts not currently available, including the full extent of the trade secrets Defendant allegedly misappropriated, the extent to which she communicated those trade secrets to her new employer, and the benefit Defendant and/or her employer derived from the misappropriation. [*See id.* ¶ 4]. Second, Plaintiffs detail the discovery efforts to procure the above facts, including interrogatories, requests for production, subpoena *duces tecum*, and subpoenas for depositions. [*See id.* ¶¶ 10–39]. Plaintiffs assert that Defendant has not meaningfully responded to their discovery requests and that they have not been able to successfully confer and resolve the discovery disputes, as reflected by the discovery motions on this Court's docket [Doc. Nos. 37, 51, 53] and two motions to

---

[1] Plaintiffs are warned that failure to comply with the ECF Policies and Procedures Manual in future filings will result in those filings being stricken. *See ECF Policies & Procedures Manual* § II.A.4 ("A description of the numbered exhibit must be provided in the docket entry (*e.g.*, Exhibit 15: January 2004 Contract)."). Here, Plaintiffs failed to label their exhibits to the Declaration [Doc. No. 71]. Further, repeated failures to comply with the Court's requirements may result in sanctions and may include a reconsideration of Plaintiffs' ability to proceed without local counsel. *See* [Doc. No. 10 (warning that the order permitting relief from the local counsel requirement may be vacated, revisited, or modified by the Court at any time)].

quash subpoenas pending in other district courts. [*See* Doc. No. 71 ¶ 8 (describing pending motions)]. Third, Plaintiffs argue that additional time will allow the Court to rule on the pending discovery motions and provide the discovery they need to respond to Defendant's Motion for Summary Judgment. Accordingly, the Court concludes that Plaintiffs have satisfied the requirements to receive relief under Rule 56(d).

For the reasons outlined above, the Court GRANTS the Motion. Plaintiffs' deadline to respond to Defendant's Motion for Summary Judgment [Doc. No. 63] is STAYED to be reset after the Court rules on the pending discovery motions. [Doc. Nos. 37, 51, 53].

Except for the ADR deadline, as discussed below, the Court STRIKES the remaining deadlines in the Court's Scheduling Order [Doc. No. 42], including the trial date, pending rulings on the discovery motions. The Court will reset the deadlines after the Court rules on the pending discovery motions. The Local Civil Rules continue to govern the briefing deadlines on any of the pending discovery motions that are not yet fully briefed or where deadlines have not already expired.

The parties are ORDERED to complete mediation as previously ordered. [*See* Doc. Nos. 58 & 42 ¶ 17].

The Court reminds the parties that judicial resources are limited, especially in light of the current influx of 28 U.S.C. § 2241 immigration detention petitions in this district. The parties must continue to work to resolve their discovery disputes without further judicial resources. The Court will view the parties' discovery motions through the lens of the parties' good faith efforts to comply with their discovery obligations under the

Federal Rules of Civil Procedure and the parties' efforts to comply with Local Civil Rule 37.1.

IT IS SO ORDERED this 12th day of February 2026.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE